[No. 23335.   Department Two.   October 29, 1931.]

*In the Matter of the Estate of* HERMAN S. FRYE,
*Deceased.*

ANNA B. FRYE, *as Executrix, Appellant,* v. PUGET
SOUND MORTGAGE COMPANY, *Respondent.*[1]

*Frank E. Hammond,* for appellant.
*Allen, Froude, Hilen & Askren,* for respondent.

MILLARD, J.—Herman S. Frye, the administrator *de
bonis non* of the estate of J. J. Ferguson, deceased, on

[1]Reported in 4 P. (2d) 639.

June 6, 1921, borrowed $825 from the Scandinavian-American Bank of Seattle. The note given by Mr. Frye for the loan was signed "Estate of J. J. Ferguson, H. S. Frye, Adm." Prior to this loan, Mr. Frye had borrowed money from the same bank, and had assigned to it a life insurance policy covering his life in the amount of five thousand dollars. In 1920, Frye signed two hypothecation agreements reading, in part, as follows:

"The undersigned has deposited or will deposit with The Scandinavian-American Bank, a corporation, of Seattle, Washington, certain securities belonging to the undersigned upon the following terms:

"These securities with any and all other securities or moneys now or hereafter deposited with said Bank or by or on behalf of the undersigned or substituted therefor shall be held by it as collateral and continuing security for the payment (of any and all indebtedness now owing or hereafter incurred) to said Bank by the undersigned whether as principal, surety or guarantor.

"The undersigned hereby authorizes the Bank when any part of the indebtedness shall be or become due and unpaid to take for its own account, realize upon, or sell the whole or any part of the collateral free from any right of redemption, without any notice whatsoever in any manner deemed advisable, and out of the proceeds to retain the amount then owing by the undersigned to the Bank (whether the same is due or not) with all reasonable expenses and attorney's fees attending the same, rendering to the undersigned the surplus, if any, after the debts and charges are paid.

. . .

"This agreement and any and all indebtedness or collateral covered thereby may be assigned in whole or in part and such assignment shall vest the assignee with all the rights, privileges and authority of the Scandinavian American Bank hereunder."

The bank failed a short time later, and the state bank supervisor was made receiver thereof. On April 2, 1923, Frye filed his final report as administrator of

the Ferguson estate in the probate court of King county, which report was approved and the administrator discharged. In that report, Mr. Frye stated:

"That said administration was compelled to borrow from the Scandinavian American Bank in June, 1921, the sum of eight hundred ($800.00) dollars, for a part payment of taxes, which said sum said administrator still owes, but for which he has given himself credit in this account."

On November 6, 1923, the receiver for the bank commenced an action on the note against Mr. Frye personally. The complaint set out as an exhibit the note for $825 signed by Herman S. Frye as administrator of the J. J. Ferguson estate. The complaint was properly served upon Mr. Frye, but was never filed. Frye made payments on the note, the last remittance being one hundred dollars which was transmitted to the receiver December 15, 1924, at which time Frye advised the receiver by letter, "If you want to take judgment, all right; but I can do no more this month;" that he would pay the account as rapidly as he could.

On March 13, 1926, Frye signed a confession of judgment, admitting that the amount then due was $700.89. The confession of judgment, which was sworn to by Frye before a notary public of Seattle, reads as follows:

"Comes now the above named defendant, H. S. Frye, and confesses judgment herein in the sum of seven hundred & 89/100 dollars, with interest at twelve per cent. from the 5th day of November, 1925, together with plaintiff's costs and disbursements.

"(Signed) Herman S. Frye,<br>
"Defendant."

In September, 1927, the receiver sold certain assets of the defunct bank to the Puget Sound Mortgage Company, which sale was approved by the court. Among the assets sold to the Puget Sound Mortgage Company

was the note in question, together with the hypothecation agreements above referred to, the insurance policy and the assignment of the policy. A Mr. Tembreull, on behalf of the mortgage company, endeavored numerous times to collect from Mr. Frye the amount due on the note, but was unsuccessful. To Mr. Tembreull, Mr. Frye admitted that it was his personal obligation, and mentioned the payments he had made on the note.

Following the death of Mr. Frye, the executrix of his estate caused citation to issue to compel the Puget Sound Mortgage Company to deliver the insurance policy to her. The executrix stipulated with the Puget Sound Mortgage Company that the creditor's claim should be considered as an answer to the citation, and that same should be tried out before the probate department the same as if it were tried before any other department of the court. The court found that, on March 13, 1926 (the date of the confession of judgment), there was due $700.89, with interest at twelve per cent from November 5, 1925, and that the total amount due at the time of the trial was $1,262.54, which included an attorney's fee of $100. Judgment was entered accordingly. The executrix has appealed.

Appellant contends that there is an absence of proof upon which Frye, alive or dead, could be held to pay the respondent the Ferguson note due the bank July 6, 1921. It is argued that Frye never acknowledged that the Ferguson note was his debt; and that, if the letter and remittance of December 15, 1924, be construed as a promise to personally pay the note, no consideration is shown for the promise. It is also urged that the action is barred, as more than six years have elapsed and no suit was ever brought against the Ferguson estate upon the note.

On April 2, 1923, Frye filed his final report as administrator of the Ferguson estate. In that report,

as quoted above, appears an acceptance by Frye of the obligation as his personal obligation. That was a written assumption. There was a consideration for his assumption of the obligation—the court discharged him and exonerated his bond.

■ The complaint served upon Frye and his written confession of judgment, together with the letters from Frye to the attorneys for the receiver making payments upon the note, were evidence that the indebtedness was the personal indebtedness of Frye, and also evidence of the amount due.

■ There is no merit in the contention that the Ferguson estate note of July 6, 1921, is barred because more than six years have elapsed and no action has been brought against the Ferguson estate upon the note. As stated above, Frye assumed the obligation upon the note. His last payment thereon was made December 15, 1924. The present action was commenced in September, 1930. The action was begun prior to the lapse of six years since the last payment on the note.

By purchase of the note from the bank, the respondent succeeded to all of the rights of the bank, which included the right to the possession of the insurance policy which had been assigned to the bank as collateral for the loan. The hypothecation agreement made by Frye with the bank so provides:

"This agreement and any and all indebtedness or collateral covered thereby may be assigned in whole or in part and such assignment shall vest the assignee with all the rights, privileges and authority of The Scandinavian American Bank hereunder."

We have considered the other assignments of error, and find them to be without substantial merit.

The judgment is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.